Michael J. Cunningham, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Anthony C. Busillot*, with him, *Daniel R. Lovette*, for petitioner.

*Joseph S. Rengert*, Assistant Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 15, 1984:

On November 10, 1980, petitioner Michael J. Cunningham sustained an injury to his back while performing his duties as an enlisted member of the Pennsylvania State Police Force. As a result of the injury, Cunningham was disabled from performing his police duties, and underwent a course of surgery and physical therapy to try to alleviate his condition. Pursuant to the Heart and Lung Act[1] Cunningham continued to receive his full salary and benefits so long as his incapacitation was deemed temporary.[2]

On July 16, 1982, a three-person panel comprised of the State Police Director of Personnel, a Department commander, and the State Police medical officer determined that Cunningham's condition was no longer considered temporary, and that his compensation under the Heart and Lung Act should cease. The reasons articulated by the panel for terminating Cunning-

---

[1] Act of June 28, 1935, P.L. 477, §1, P.S. §637, *as amended* May 31, 1974, P.L. 309, No. 99, §1, 53 P.S. §637 (Supp. 1983-84). The act states in pertinent part that ". . . any member of the State Police Force . . . who is injured in the performance of his duties . . . , and by reason thereof is temporarily incapacitated from performing his duties, shall be paid . . . his full rate of salary . . . until the disability arising therefrom has ceased.

[2] Once disqualified under the Heart and Lung Act, Cunningham was still eligible for Workmen's Compensation benefits. He also had the option of continuing on the force on paid or unpaid sick leave, of retiring from the force, or of returning to work with certification from a doctor that he was capable of resuming full or limited duty.

ham's compensation was ". . . the length of time your disability has continued and the absence of favorable prognosis for your return to work." Cunningham appeals from this determination.

Very recently, in *Palmeri v. Pennsylvania State Police,* 82 Pa. Commonwealth Ct. 348,     A.2d (No. 1913 C.D. 1982, filed May 9, 1984), we addressed issues and circumstances quite similar to those in the instant case. We held there that once a person is deemed "temporarily incapacitated," the burden is on the State Police to establish by substantial evidence that the condition caused by the job-related injury will permanently prevent the employee from resuming active duty on the force. Furthermore, we held that equivocal reports by medical specialists and the mere absence of affirmative evidence of temporary incapacity are insufficient bases for terminating compensation. Our holdings in *Palmeri,* when applied to the instant case, lead us to conclude that the adjudication of the State Police must be reversed.

The record indicates that over a two-year period, Cunningham consulted at least five different specialists concerning his back injury. All found Cunningham to be significantly disabled due to pain in his lower back and lower extremities. However, they disagreed on the appropriate mode of treatment: between January, 1982 and June, 1982, Cunningham consulted four specialists, three of whom concluded that Cunningham might benefit from a second operation on his spine, while one specialist counseled against further surgery. The State Police relies almost exclusively upon the report of one specialist—the one who rejected additional surgery—who in late May of 1982 stated: "I would have to estimate that he [Cunningham] now has a 40 to 50 per cent permanent partial disability with regard to his low-back, because of the increased symptoms and the somewhat deterio-

rated neurological examination, since I saw him last eight months ago.'' The State Police argues that, as fact finder, it had the authority to determine which among several conflicting assessments of the potential benefit of additional surgery was the more credible, and contends that the above-quoted medical opinion constituted sufficient basis for a determination that Cunningham's disability was no longer temporary.

We do not quarrel with the right of an administrative tribunal to determine which among conflicting expert opinions it chooses to believe. However, whether or not Cunningham would benefit from additional surgery is relevant, but not dispositive of whether the totality of Cunningham's circumstances, including the nature of his condition, his current medical status, his treatment history and his general health, support a scientific probability that his condition would not improve sufficiently to make him capable of returning to active duty. *See Palmeri.* Furthermore, the probability of Cunningham's permanent incapacity to return to active duty was not established by a single, unexplained statement that Cunningham had a ''40 to 50 per cent permanent partial disability with regard to his low-back.'' Even assuming the authoritativeness of this opinion as a general assessment of Cunningham's condition, it does not address the question of what residual capacity Cunningham had or would have to perform substantial State Police functions. Cunningham himself testified that he thought he was capable of performing desk duty, which is work regularly assigned to members of the force.

As we acknowledged in *Palmeri,* our scope of review in these cases is limited. *See Klingerman Nursing Center v. Department of Public Welfare,* 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983). However, here, as in *Palmeri,* we fail to find sufficient record support for the State Police's determination.

Accordingly, we reverse the decision below and remand this matter for reinstatement of compensation under the Heart and Lung Act.

## ORDER

AND NOW, this 15th day of May, 1984, the adjudication of the Pennsylvania State Police is reversed and the case is remanded for reinstatement of compensation under the Heart and Lung Act. Jurisdiction relinquished.